BANCO POPULAR DE PUERTO RICO, demandante y recurrido, *v.* MUNICIPIO DE MAYAGÜEZ, demandado y recurrente.

*Número:* RE-87-19          *Resuelto:* 28 de junio de 1991

*José A. Menéndez Cortada*, abogado del recurrente; *José B. Díaz Asencio*, abogado del recurrido; *Rafael Ortiz Carrión, Procurador General, Norma Cotti Cruz, Subprocuradora General, Lorenzo Vilanova Alfonso, Procurador General Auxiliar, Miriam Álvarez Archilla* y *Silvia Cancio Bigas, Procuradoras Generales Auxiliares*, abogados del Estado Libre Asociado de Puerto Rico; *Ramón L. Walker Merino*, abogado del Municipio de Arecibo; *Roberto C. Rodríguez Poventud* y *Ernesto N. Mayoral Megwinoff*, abogados del Banco de Ponce.

## RESOLUCIÓN

A la segunda moción de reconsideración presentada en este caso, no ha lugar y aténgase al mandato.

Lo acordó el Tribunal y certifica el señor Secretario General Interino. El Juez Presidente Señor Pons Núñez emitió un voto particular en el que expresó su conformidad con esta resolución. El Juez Asociado Señor Hernández Denton reconsideraría.

(*Fdo.*) Heriberto Pérez Ruiz
*Secretario General Interino*

## – O –

Voto particular del Juez Presidente Señor Pons Núñez, en el que expresa su conformidad con la resolución que dictamina no ha lugar a la segunda moción de reconsideración.

Brevemente deseo expresar la razón por la cual he dado mi conformidad a la resolución que provee no ha lugar a la

segunda moción de reconsideración presentada por el Banco Popular de Puerto Rico.

Desde mi particular perspectiva, la imposición de patente está autorizada por ley debido a que

(a) la Ley de Patentes Municipales, Ley Núm. 113 de 10 de julio de 1974 (21 L.P.R.A. sec. 651 *et seq.*), suprimió el lenguaje restrictivo, hasta entonces vigente, que limitaba los ingresos a gravarse a aquellos provenientes de "las operaciones en Puerto Rico", y

(b) la Sec. 2 de dicha ley, 21 L.P.R.A. sec. 651a(6), al definir "volumen de negocios", indica que el mismo incluye los ingresos brutos que se *reciban*, obviamente en Puerto Rico, sin limitar su fuente en términos de procedencia nacional.

Tanto en nuestra opinión *per curiam* de 14 de mayo de 1988 (*Banco Popular v. Mun. de Mayagüez*, 120 D.P.R. 692 (1988)), como en la opinión del Tribunal en reconsideración, emitida por el Juez Asociado Señor Negrón García el 29 de junio de 1990 (*Banco Popular v. Mun. de Mayagüez*, 126 D.P.R. 653 (1990)), se señala como base suficiente para sostener la validez de la imposición de patente municipal esa disposición legal contenida en la Ley Municipal que incluye en el volumen de negocios todos los ingresos recibidos sin limitarlos por razón de su fuente. En ella es que se apoya mi posición en esta controversia.

No nos toca pronunciarnos sobre la conveniencia o sabiduría de esa disposición.